# UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF WISCONSIN
## GREEN BAY DIVISION

BERNARD DESHAWN PRICE,
      **Plaintiff,**

                                  **Case No. 25-cv-330**

      **v.**

LITTLE RAPIDS CORPORATION,
      **Defendant.**

## COMPLAINT

## JURISDICTION AND VENUE

1.      The Court has original jurisdiction over Plaintiff's FLSA claims under 28 U.S.C. § 1331. The Court has supplemental jurisdiction over Plaintiff's state-law claims under 28 U.S.C. § 1367 because those claims are part of the same case or controversy as Plaintiff's FLSA claims.

2.      Venue is proper in the United States District Court for the Eastern District of Wisconsin under 28 U.S.C. § 1391(b) because Defendant reside in this district and a substantial part of the events or omissions giving rise to the claim occurred in this district.

## PARTIES

3.      Plaintiff Bernard Deshawn Price ("Plaintiff") is an adult resident of Brown County in the State of Wisconsin. Plaintiff's consent form is filed as Exhibit 1 to this complaint.

4.      The FLSA Overtime Wage Class is defined as:

All persons who worked as a press operator of Defendant at any time since March 5, 2022 at Defendant's Nexxa facility.

5. The Wisconsin Overtime Wage Class is defined as:

All persons who worked as a press operator of Defendant at any time since March 5, 2023 at Defendant's Nexxa facility.

6. The Wisconsin Agreed Upon Wage Class is defined as:

All persons who worked as a press operator of Defendant at any time since March 5, 2023 at Defendant's Nexxa facility.

7. The Wisconsin Overtime Wage Class and Wisconsin Agreed Upon Wage Class will be referred to herein as the Wisconsin Classes.

8. Defendant Little Rapids Corporation ("Defendant"), is a domestic corporation with its principal place of business at 2273 Larsen Rd., Green Bay, WI, 54303.

9. Defendant is a specialty paper manufacturer and converter of paper, film, cotton, and nonwoven materials.

10. Defendant operates a division called Nexxa, including a plant at 2970 Walker Drive, Green Bay, Wisconsin, 54311.

11. Defendant does $500,000 or more in business annually.

12. Defendant's registered agent for service of process in the State of Wisconsin is Angela Sheehan located at 2273 Larsen Rd., Green Bay, WI, 54303.

## FACTUAL ALLEGATIONS

13. Plaintiff and the members of the FLSA Overtime Wage Class and Wisconsin Classes were employed by Defendant as press operators.

2

14. Defendant's annual gross volume of business done exceeds $500,000 and has exceeded $500,000 in each of the three years preceding the filing of this complaint.

15. Defendant produces goods for commerce.

16. Plaintiff and members of the FLSA Overtime Wage Class have worked for Defendant as a press operator at times since March 5, 2022, at Defendant's Nexxa facility.

17. Plaintiff and members of the Wisconsin Classes have worked for Defendant as a press operator at times since March 5, 2023, at Defendant's Nexxa facility.

18. Defendant has uniform compensation policies and practices which have applied to Plaintiff, and members of the FLSA Overtime Wage Class and the Wisconsin Classes.

19. In that role, Plaintiff and the members of the FLSA Overtime Wage Class and Wisconsin Classes worked rotating twelve-hour shifts.

20. Defendant paid Plaintiff and the members of the FLSA Overtime Wage Class and Wisconsin Classes every two workweeks.

21. During each pay period, Plaintiff and the members of the FLSA Overtime Wage Class and Wisconsin Classes worked rotating schedules of four twelve-hour workdays in one workweek, and three twelve-hour workdays in the second workweek.

3

22. Defendants suffered or permitted Plaintiff and the members of the FLSA Overtime Wage Class and Wisconsin Classes to report to work and engage in a mandatory shift change over meeting for ten to fifteen minutes prior to their scheduled start times.

23. These mandatory shift change over meeting would take place after Plaintiff and the members of the FLSA Overtime Wage Class and Wisconsin Classes punched into Defendant's time keeping system.

24. Defendants did not compensate Plaintiff and the members of the FLSA Overtime Wage Class and Wisconsin Classes for the mandatory shift change over meetings because Defendant adjusted their in punches from the time they punched in, to their scheduled start time.

25. Plaintiff's scheduled start time was 6:00 PM.

26. Plaintiff was instructed by Defendant to, and did arrive at work early to engage in a mandatory shift change over meeting approximately ten to fifteen minutes prior to each shift Plaintiff worked.

27. During the mandatory shift change over meetings, Plaintiff and the members of the FLSA Overtime Wage Class and Wisconsin Classes would exchange information about how the press was operating, scheduling and progress on the job, quality of the work product, and other imperative information necessary to operate the press during the upcoming shift.

28. During the mandatory shift change over meetings, Plaintiff and the members of the FLSA Overtime Wage Class and Wisconsin Classes would begin to

4

perform their duties as a press operator including operating the press, changing out cylinders, or other tasks.

29.     These mandatory shift change over meetings were required because Defendant's presses operated twenty-four hours a day, seven days a week.

30.     Plaintiff and the members of the FLSA Overtime Wage Class and Wisconsin Classes could not perform their principal responsibilities as a press operator without engaging in the mandatory shift change over meeting.

31.     Because Plaintiff and the members of the FLSA Overtime Wage Class and Wisconsin Classes performed uncompensated work during the mandatory pre-shift change over meetings, and they worked more than forty hours every other workweek, the uncompensated mandatory pre-shift change over meetings resulted in unpaid overtime premium compensation at least every other workweek.

32.     Despite working more than forty hours per week, Defendant failed to pay Plaintiff and members of the FLSA Overtime Wage Class and Wisconsin Overtime Wage Classes overtime premium compensation for each hour over forty in a workweek.

33.     Defendant agreed to pay Plaintiff and the members of the FLSA Overtime Wage Class and Wisconsin Classes a set hourly wage for each hour worked for Defendant.

34.     Defendant agreed to pay Plaintiff $22.00 per hour for each hour Plaintiff worked for Defendant. Defendant gave Plaintiff a raise in early 2024 to $23.05 per hour.

35. Because Plaintiff and the members of the FLSA Overtime Wage Class and Wisconsin Classes performed uncompensated work during the mandatory pre-shift change over meetings, and they worked more than forty hours every other workweek, the uncompensated mandatory pre-shift change over meetings resulted in unpaid agreed upon wages every workweek.

36. Defendant failed to pay Plaintiff and members of the Wisconsin Agreed Upon Wage Class at the agreed upon rate of pay for all hours worked.

## CLASS ALLEGATIONS

37. Plaintiff brings Plaintiff's Second and Third claims for relief on behalf of the Wisconsin Overtime Wage Class and Wisconsin Agreed Upon Wage Class pursuant to Fed. R. Civ. P. 23(a) and (b).

38. The persons in each of the Wisconsin Classes are so numerous that joinder of each individual class member's claims is impracticable.

39. There are questions of law and fact common to the Wisconsin Overtime Wage Class that are capable of class-wide resolution and the determination of which will resolve any issues central to the validity of the class claims, including, but not limited to:

   a. Whether Plaintiff and members of the Wisconsin Overtime Wage Class Are employees;

   b. Whether Defendant was an employer;

   c. Whether Defendant maintained a common practice and policy of not paying overtime wages to the members of the Wisconsin Overtime

6

Wage Class for the hours of work performed during the mandatory shift change over meetings;

d.     The nature and amount of compensable work performed by Plaintiff and members of the Wisconsin Overtime Wage Class during the mandatory shift change over meetings;

e.     The proper measure of damages sustained by Plaintiff and members of the Wisconsin Overtime Wage Class; and

f.     Whether Defendant acted for dilatory or other unjust reasons.

40.     There are questions of law and fact common to the Wisconsin Agreed Upon Wage Class that are capable of class-wide resolution and the determination of which will resolve any issues central to the validity of the class claims, including, but not limited to:

a.     Whether Plaintiff and members of the Wisconsin Agreed Upon Wage Class Are employees;

b.     Whether Defendant was an employer;

c.     Whether Defendant maintained a common practice and policy of not paying agreed upon wages to the members of the Wisconsin Agreed Upon Wage Class for the hours of work performed during the mandatory shift change over meetings;

d.     The nature and amount of compensable work performed by Plaintiff and members of the Wisconsin Agreed Upon Wage Class;

7

e. The proper measure of damages sustained by Plaintiff and members of the Wisconsin Agreed Upon Wage Class; and

f. Whether Defendant acted for dilatory or other unjust reasons.

41. Plaintiff will fairly and adequately protect the interests of the Wisconsin Classes and has retained counsel experienced in complex wage and hour litigation.

42. A class action is superior to other available methods for the fair and efficient adjudication of the controversy, particularly in the context of wage-and-hour litigation, where individual plaintiffs, particularly those with relatively small claims, typically lack the financial resources to vigorously prosecute separate lawsuits in federal court against a large and wealthy corporate defendant.

43. Certification of the Wisconsin Classes is appropriate under Rule 23(b)(3) because questions of law and fact common to the classes predominate over any questions affecting only individual class members, and because a class action is superior to other available methods for the fair and efficient adjudication of this litigation. Defendant's common and uniform policies and practices denied the Wisconsin Overtime Wage Class and Wisconsin Agreed Upon Wage Class wages for work performed to which they are entitled. The damage suffered by each class member are small compared to the expense and burden of individually litigating each class member's claim. In addition, class certification is superior because it will obviate the need for unduly duplicative litigation that might result in inconsistent judgments about Defendant' pay practices.

8

44. Plaintiff intends to send notice to all members of the Wisconsin Overtime Class to the extent required by Rule 23.

**FIRST CLAIM FOR RELIEF:**
**FAILURE TO PAY OVERTIME WAGES IN**
**VIOLATION OF THE FAIR LABOR STANDARDS ACT**

45. Plaintiff alleges and incorporates by reference the allegations in the preceding paragraphs.

46. Defendant has been, and continue to be, an enterprise engaged in commerce within in the meaning of 29 U.S.C. § 203(s)(1).

47. Defendant has been, and continue to be, employers within the meaning of 29 U.S.C. § 203(d).

48. Plaintiff and members of the FLSA Overtime Wage Class have been, and continue to be, an employee of Defendant within the meaning of 29 U.S.C. § 203(e).

49. The FLSA requires covered employers to compensate all non-exempt employees at a rate of not less than one-and-one-half times their regular rate of pay for work performed in excess of forty hours per workweek.

50. Plaintiff and the members of the FLSA Overtime Wage Class are not and have not been exempt from the overtime pay requirements of the FLSA.

51. Defendant did not pay Plaintiff and members of the FLSA Overtime Wage Class overtime premium wages for all hours performed in excess of forty hours per week, specifically those hours during the mandatory shift change over meetings.

52. The foregoing practice violates the FLSA.

9

53. Defendant's violation of the FLSA was willful.

54. Plaintiff and members of the FLSA Overtime Wage Class suffered wage loss because of this violation.

**SECOND CLAIM FOR RELIEF:**
**FAILURE TO PAY OVERTIME WAGES IN**
**VIOLATION OF THE WISCONSIN LAW**

55. Plaintiff alleges and incorporates by reference the allegations in the preceding paragraphs.

56. Defendant has been, and continue to be, an employer within the meaning of Wis. Stat. §§ 103.001(6) and 109.01(2).

57. Plaintiff and members of the Wisconsin Overtime Wage Class are and have been employees of Defendant within the meaning of Wis. Stat. §§ 103.001(5) and 109.01(1r).

58. Wisconsin law requires employers to compensate all non-exempt employees at a rate of not less than one-and-one-half times their regular rate of pay for work performed in excess of forty hours per workweek.

59. Plaintiff and members of the Wisconsin Overtime Wage Class are not and have not been exempt from the overtime pay requirements of Wisconsin law.

60. Defendant did not pay Plaintiff and members of the Wisconsin Overtime Wage Class overtime premium wages for work performed in excess of forty hours per week during the shift change over meetings.

61. The foregoing practice violates Wisconsin law.

62. Defendant's violation of Wisconsin law was for dilatory or unjust reasons.

63. Plaintiff and members of the Wisconsin Overtime Wage Class suffered wage loss because of this violation.

<u>THIRD CLAIM FOR RELIEF</u>:
**FAILURE TO PAY AGREED UPON WAGES
IN VIOLATION OF THE WISCONSIN LAW**

64. Plaintiff alleges and incorporates by reference the allegations in the preceding paragraphs.

65. Defendants have been, and continue to be, an employer within the meaning of Wis. Stat. § 109.01(2).

66. Plaintiff and the Wisconsin Agreed Upon Wage Class are and were employees of Defendant within the meaning of Wis. Stat. § 109.01(1r).

67. Wisconsin law requires an employer to pay employees all agreed upon wages.

68. Defendant agreed to pay Plaintiff and members of the Wisconsin Agreed Upon Wage Class at a set agreed upon wage for all hours worked.

69. Defendant failed to compensate Plaintiff and the members of the Wisconsin Agreed Upon Wage Class at their agreed upon rates for all hours worked by Plaintiff because Defendant did not pay Plaintiff and the members of the Wisconsin Agreed Upon Wage Class for the mandatory pre-shift meetings.

70. The foregoing practice violates Wisconsin law.

11

71. Defendant's violation of Wisconsin law was for dilatory or unjust reasons.

72. Plaintiff and members of the Wisconsin Agreed Upon Wage Class suffered wage loss because of this violation.

ACCORDINGLY, Plaintiff, on behalf of themselves and the members of the Wisconsin Classes and the FLSA Overtime Wage Class, respectfully requests the following relief:

A. Judgment against Defendant in an amount equal to unpaid wages at the applicable agreed-upon and overtime rates owed to Plaintiff and members of the Wisconsin Classes and the FLSA Classes, as well as the damages Plaintiff and members of the Wisconsin Classes and the FLSA Overtime Wage Class suffered because of Defendant' failures.

B. An award in the amount of all liquidated damages and civil penalties as provided under the FLSA and Wisconsin law;

C. An award in the amount of all costs and attorneys' fees incurred in prosecuting these claims; and

D. Such further relief as the Court deems just and equitable.

Dated: March 5, 2025

> *s/Larry A. Johnson*
> Larry A. Johnson, SBN 1056619
> Connor J. Clegg, SBN 1118534
> Attorneys for Plaintiff
>
> Hawks Quindel, S.C.
> 5150 N. Port Washington Rd., Suite 243
> Milwaukee, WI 53217-5470
> Telephone: (414) 271-8650

12

Fax: (414) 207-6079
Email:       ljohnson@hq-law.com
                cclegg@hq-law.com

Case 1:25-cv-00330-BBC    Filed 03/05/25    Page 13 of 13    Document 1