# UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF WISCONSIN
## GREEN BAY DIVISION

---

BERNARD DESHAWN PRICE,
      **Plaintiff,**

    **Case No. 25-cv-330**

    v.

LITTLE RAPIDS CORPORATION,
      **Defendant.**

---

## DEFENDANTS' ANSWER AND AFFIRMATIVES DEFENSES TO COMPLAINT

---

Defendant Little Rapids Corporation ("Defendant") by and through its attorneys, hereby submits its Answer and Affirmative Defenses to Plaintiff's Complaint ("Complaint") as follows:

## JURISDICTION AND VENUE

1.     The Court has original jurisdiction over Plaintiff's FLSA claims under 28 U.S.C. § 1331. The Court has supplemental jurisdiction over Plaintiff's state-law claims under 28 U.S.C. § 1367 because those claims are part of the same case or controversy as Plaintiff's FLSA claims.

**ANSWER:** **Defendant admits that the Court has original and supplemental jurisdiction over the claims but denies that Plaintiff has stated an adequate claim for relief.**

2.     Venue is proper in the United States District Court for the Eastern District of Wisconsin under 28 U.S.C. § 1391(b) because Defendant reside in this district and a substantial part of the events or omissions giving rise to the claim occurred in this district.

**ANSWER:** **Defendant admits that it resides in this district; denies any remaining fact**

allegations in this paragraph; to the extent that Paragraph 2 of the Complaint contains legal conclusions, no response is further required.

## PARTIES

3. Plaintiff Bernard Deshawn Price ("Plaintiff") is an adult resident of Brown County in the State of Wisconsin. Plaintiff's consent form is filed as Exhibit 1 to this complaint.

**ANSWER:** **Paragraph 3 of the Complaint contains legal conclusions to which no response is required. Defendant admits only that Plaintiff has filed what purports to be a consent form with the Court (ECF No. 1-3) and denies any other allegations therein.**

4. The FLSA Overtime Wage Class is defined as:

All persons who worked as a press operator of Defendant at any time

since March 5, 2022 at Defendant's Nexxa facility.

**ANSWER:** **Defendant denies that any violation of the Fair Labor Standards Act ("FLSA") occurred, denies that Plaintiff has adequately defined a class under Fed. R. Civ. P. 23, denies that class certification is appropriate, and denies the remainder of the allegations therein.**

5. The Wisconsin Overtime Wage Class is defined as:

All persons who worked as a press operator of Defendant at any time

since March 5, 2023 at Defendant's Nexxa facility.

**ANSWER:** **Defendant denies that any violation of the Wisconsin Statutes, including but not limited to Wis. Stat. §§ 103, 109 (the "Wisconsin Statutes") occurred, denies that**

**Plaintiff has adequately defined a class under Fed. R. Civ. P. 23, denies that class certification is appropriate, and denies the remainder of the allegations therein.**

6.     The Wisconsin Agreed Upon Wage Class is defined as:

All persons who worked as a press operator of Defendant at any time

since March 5, 2023 at Defendant's Nexxa facility.

**ANSWER:  Defendant denies that any violation of the Fair Labor Standards Act ("FLSA") occurred, denies that Plaintiff has adequately defined a class under Fed. R. Civ. P. 23, denies that class certification is appropriate, and denies the remainder of the allegations therein.**

7.     The Wisconsin Overtime Wage Class and Wisconsin Agreed Upon Wage Class will be referred to herein as the Wisconsin Classes.

**ANSWER:  Defendant denies that any violation of the Wisconsin Statutes occurred, denies that Plaintiff has adequately defined a class under Fed. R. Civ. P. 23, denies that class certification is appropriate, and denies the remainder of the allegations therein.**

8.     Defendant Little Rapids Corporation ("Defendant"), is a domestic corporation with its principal place of business at 2273 Larsen Rd., Green Bay, WI, 54303.

**ANSWER:   ADMITS.**

9.     Defendant is a specialty paper manufacturer and converter of paper, film, cotton, and nonwoven materials.

**ANSWER:   ADMITS.**

10.    Defendant operates a division called Nexxa, including a plant at 2970 Walker Drive, Green Bay, Wisconsin, 54311.

**ANSWER:   ADMITS.**

11.     Defendant does $500,000 or more in business annually.

**ANSWER:     ADMITS.**

12.     Defendant's registered agent for service of process in the State of Wisconsin is Angela Sheehan located at 2273 Larsen Rd., Green Bay, WI, 54303.

**ANSWER:     ADMITS.**

## FACTUAL ALLEGATIONS

13.     Plaintiff and the members of the FLSA Overtime Wage Class and Wisconsin Classes were employed by Defendant as press operators.

**ANSWER:     Answering Paragraph 13, Defendant admits that it employs press operators and that Plaintiff worked as a press operator, and denies the remainder of the allegations therein.**

14.     Defendant's annual gross volume of business done exceeds $500,000 and has exceeded $500,000 in each of the three years preceding the filing of this complaint.

**ANSWER:     ADMITS.**

15.     Defendant produces goods for commerce.

**ANSWER:     Defendant admits only that it produces goods and denies the remainder of the allegations therein.**

16.     Plaintiff and members of the FLSA Overtime Wage Class have worked for Defendant as a press operator at times since March 5, 2022, at Defendant's Nexxa facility.

**ANSWER:     Defendant lacks sufficient knowledge and information necessary to form a belief as to the alleged class members. Defendant admits only that Plaintiff worked for Defendant as a press operator at Defendant's Nexxa facility on or after March 5, 2022, and denies the remainder of the allegations therein.**

17.     Plaintiff and members of the Wisconsin Classes have worked for Defendant as a press operator at times since March 5, 2023, at Defendant's Nexxa facility.

**ANSWER:     Defendant lacks sufficient knowledge and information necessary to form a belief as to the alleged class members. Defendant admits only that Plaintiff worked for Defendant as a press operator at Defendant's Nexxa facility on or after March 5, 2023, and denies the remainder of the allegations therein.**

18.     Defendant has uniform compensation policies and practices which have applied to Plaintiff, and members of the FLSA Overtime Wage Class and the Wisconsin Classes.

**ANSWER:     Defendant lacks sufficient knowledge and information necessary to form a belief as to the alleged class members. Defendant admits only that is has compensation policies and practices, admits only that such policies and practices applied to Plaintiff when he worked for Defendant, and denies the remainder of the allegations therein.**

19.     In that role, Plaintiff and the members of the FLSA Overtime Wage Class and Wisconsin Classes worked rotating twelve-hour shifts.

**ANSWER:     Defendant lacks sufficient knowledge and information necessary to form a belief as to the alleged class members. Defendant admits only that Plaintiff worked rotating twelve-hour shifts and denies the remainder of the allegations therein.**

20.     Defendant paid Plaintiff and the members of the FLSA Overtime Wage Class and Wisconsin Classes every two workweeks.

**ANSWER:     Defendant lacks sufficient knowledge and information necessary to form a belief as to the alleged class members. Defendant admits only that Plaintiff was paid every two weeks and denies the remainder of the allegations therein.**

21. During each pay period, Plaintiff and the members of the FLSA Overtime Wage Class and Wisconsin Classes worked rotating schedules of four twelve-hour workdays in one workweek, and three twelve-hour workdays in the second workweek.

**ANSWER:** **Defendant lacks sufficient knowledge and information necessary to form a belief as to the alleged class members. Defendant admits only that Plaintiff worked a rotating schedule of four twelve-hour shifts in one week, and three twelve-hour shifts in the second week and denies the remainder of the allegations therein.**

22. Defendants suffered or permitted Plaintiff and the members of the FLSA Overtime Wage Class and Wisconsin Classes to report to work and engage in a mandatory shift change over meeting for ten to fifteen minutes prior to their scheduled start times.

**ANSWER:** **DENIES.**

23. These mandatory shift change over meeting would take place after Plaintiff and the members of the FLSA Overtime Wage Class and Wisconsin Classes punched into Defendant's time keeping system.

**ANSWER:** **Defendant lacks sufficient knowledge and information necessary to form a belief as to the alleged class members. Defendant admits only that if Plaintiff reported early to meet with his counterpart, any discussion would take place after Plaintiff punched into Defendant's time keeping system.**

24. Defendants did not compensate Plaintiff and the members of the FLSA Overtime Wage Class and Wisconsin Classes for the mandatory shift change over meetings because Defendant adjusted their in punches from the time they punched in, to their scheduled start time.

**ANSWER:** **DENIES.**

25.    Plaintiff's scheduled start time was 6:00 PM.

**ANSWER:** **ADMIT.**

26.    Plaintiff was instructed by Defendant to, and did arrive at work early to engage in a mandatory shift change over meeting approximately ten to fifteen minutes prior to each shift Plaintiff worked.

**ANSWER:** **DENIES.**

27.    During the mandatory shift change over meetings, Plaintiff and the members of the FLSA Overtime Wage Class and Wisconsin Classes would exchange information about how the press was operating, scheduling and progress on the job, quality of the work product, and other imperative information necessary to operate the press during the upcoming shift.

**ANSWER:** **DENIES.**

28.    During the mandatory shift change over meetings, Plaintiff and the members of the FLSA Overtime Wage Class and Wisconsin Classes would begin to perform their duties as a press operator including operating the press, changing out cylinders, or other tasks.

**ANSWER:** **DENIES.**

29.    These mandatory shift change over meetings were required because Defendant's presses operated twenty-four hours a day, seven days a week.

**ANSWER:** **DENIES.**

30.    Plaintiff and the members of the FLSA Overtime Wage Class and Wisconsin Classes could not perform their principal responsibilities as a press operator without engaging in the mandatory shift change over meeting.

**ANSWER:    DENIES.**

31.    Because Plaintiff and the members of the FLSA Overtime Wage Class and Wisconsin Classes performed uncompensated work during the mandatory pre- shift change over meetings, and they worked more than forty hours every other workweek, the uncompensated mandatory pre-shift change over meetings resulted in unpaid overtime premium compensation at least every other workweek.

**ANSWER:    DENIES.**

32.    Despite working more than forty hours per week, Defendant failed to pay Plaintiff and members of the FLSA Overtime Wage Class and Wisconsin Overtime Wage Classes overtime premium compensation for each hour over forty in a workweek.

**ANSWER:    DENIES.**

33.    Defendant agreed to pay Plaintiff and the members of the FLSA Overtime Wage Class and Wisconsin Classes a set hourly wage for each hour worked for Defendant.

**ANSWER:    Defendant lacks sufficient knowledge and information necessary to form a belief as to the alleged class members. As to Plaintiff only, ADMIT.**

34.    Defendant agreed to pay Plaintiff $22.00 per hour for each hour Plaintiff worked for Defendant. Defendant gave Plaintiff a raise in early 2024 to $23.05 per hour.

**ANSWER:    Defendant admits only that Plaintiff's regular hourly rate at Plaintiff's time of hire was $22.00 and that Plaintiff's regularly hourly rate increased to $23.05 in 2024. Defendant denies the remainder of the allegations therein.**

35. Because Plaintiff and the members of the FLSA Overtime Wage Class and Wisconsin Classes performed uncompensated work during the mandatory pre- shift change over meetings, and they worked more than forty hours every other workweek, the uncompensated mandatory pre-shift change over meetings resulted in unpaid agreed upon wages every workweek.

**ANSWER:** **DENIES.**

36. Defendant failed to pay Plaintiff and members of the Wisconsin Agreed Upon Wage Class at the agreed upon rate of pay for all hours worked.

**ANSWER:** **DENIES.**

## CLASS ALLEGATIONS

37. Plaintiff brings Plaintiff's Second and Third claims for relief on behalf of the Wisconsin Overtime Wage Class and Wisconsin Agreed Upon Wage Class pursuant to Fed. R. Civ. P. 23(a) and (b).

**ANSWER:** **Paragraph 37 of the Complaint contains only legal conclusions to which no response is required.**

38. The persons in each of the Wisconsin Classes are so numerous that joinder of each individual class member's claims is impracticable.

**ANSWER:** **DENIES.**

39. There are questions of law and fact common to the Wisconsin Overtime Wage Class that are capable of class-wide resolution and the determination of which will resolve any issues central to the validity of the class claims, including, but not limited to:

   a. Whether Plaintiff and members of the Wisconsin Overtime Wage Class Are employees;

b.      Whether Defendant was an employer;

c.      Whether Defendant maintained a common practice and policy of not paying
        overtime wages to the members of the Wisconsin Overtime Wage Class for
        the hours of work performed during the mandatory shift change over meetings;

d.      The nature and amount of compensable work performed by Plaintiff and
        members of the Wisconsin Overtime Wage Class during the mandatory shift
        change over meetings;

e.      The proper measure of damages sustained by Plaintiff and members of the
        Wisconsin Overtime Wage Class; and

f.      Whether Defendant acted for dilatory or other unjust reasons.

**ANSWER:    Paragraph 39 of the Complaint contains only legal conclusions to which no response is required; to the extent a response is required, DENIES.**

40.     There are questions of law and fact common to the Wisconsin Agreed Upon Wage Class that are capable of class-wide resolution and the determination of which will resolve any issues central to the validity of the class claims, including, but not limited to:

a.      Whether Plaintiff and members of the Wisconsin Agreed Upon Wage Class
        Are employees;

b.      Whether Defendant was an employer;

c.      Whether Defendant maintained a common practice and policy of not paying
        agreed upon wages to the members of the Wisconsin Agreed Upon Wage
        Class for the hours of work performed during the mandatory shift change over
        meetings;

d.      The nature and amount of compensable work performed by Plaintiff and

members of the Wisconsin Agreed Upon Wage Class;

e. The proper measure of damages sustained by Plaintiff and members of the Wisconsin Agreed Upon Wage Class; and

f. Whether Defendant acted for dilatory or other unjust reasons.

**ANSWER: Paragraph 40 of the Complaint contains only legal conclusions to which no response is required; to the extent a response is required, DENIES.**

41. Plaintiff will fairly and adequately protect the interests of the Wisconsin Classes and has retained counsel experienced in complex wage and hour litigation.

**ANSWER: Paragraph 41 of the Complaint contains legal conclusions to which no response is required; to the extent a response is required, DENIES.**

42. A class action is superior to other available methods for the fair and efficient adjudication of the controversy, particularly in the context of wage-and-hour litigation, where individual plaintiffs, particularly those with relatively small claims, typically lack the financial resources to vigorously prosecute separate lawsuits in federal court against a large and wealthy corporate defendant.

**ANSWER: Paragraph 42 of the Complaint only legal conclusions to which no response is required; to the extent a response is required, DENIES.**

43. Certification of the Wisconsin Classes is appropriate under Rule 23(b)(3) because questions of law and fact common to the classes predominate over any questions affecting only individual class members, and because a class action is superior to other available methods for the fair and efficient adjudication of this litigation. Defendant's common and uniform policies and

practices denied the Wisconsin Overtime Wage Class and Wisconsin Agreed Upon Wage Class wages for work performed to which they are entitled. The damage suffered by each class member are small compared to the expense and burden of individually litigating each class member's claim. In addition, class certification is superior because it will obviate the need for unduly duplicative litigation that might result in inconsistent judgments about Defendant' pay practices.

**ANSWER:** **Paragraph 43 of the Complaint contains legal conclusions to which no response is required. To the extent a response is required, Defendant specifically denies that Plaintiff or any of the individual who Plaintiff purports to represent were denied wages to which they are entitled, denies that any damages were suffered, and denies that certification will avoid duplicative litigation and inconsistent judgments. Defendant denies the remainder of the allegations therein.**

44. Plaintiff intends to send notice to all members of the Wisconsin Overtime Class to the extent required by Rule 23.

**ANSWER:** **Defendant has insufficient information to form a belief as to the truth of the allegations contained in Paragraph 44 of the Complaint and therefore denies.**

**FIRST CLAIM FOR RELIEF:**
**FAILURE TO PAY OVERTIME WAGES IN**
**VIOLATION OF THE FAIR LABOR STANDARDS ACT**

45. Plaintiff alleges and incorporates by reference the allegations in the preceding paragraphs.

**ANSWER:** **Defendant re-alleges and incorporates by reference its responses to the preceding paragraphs of the Complaint.**

46. Defendant has been, and continue to be, an enterprise engaged in commerce within in the meaning of 29 U.S.C. § 203(s)(1).

**ANSWER** ADMITS.

47. Defendant has been, and continue to be, employers within the meaning of 29 U.S.C. § 203(d).

**ANSWER:** **ADMITS.**

48. Plaintiff and members of the FLSA Overtime Wage Class have been, and continue to be, an employee of Defendant within the meaning of 29 U.S.C. § 203(e).

**ANSWER:** **ADMITS.**

49. The FLSA requires covered employers to compensate all non-exempt employees at a rate of not less than one-and-one-half times their regular rate of pay for work performed in excess of forty hours per workweek.

**ANSWER:** **Paragraph 49 of the Complaint contains only legal conclusions to which no response is required.**

50. Plaintiff and the members of the FLSA Overtime Wage Class are not and have not been exempt from the overtime pay requirements of the FLSA.

**ANSWER:** **Paragraph 50 of the Complaint contains only legal conclusions to which no response is required.**

51. Defendant did not pay Plaintiff and members of the FLSA Overtime Wage Class overtime premium wages for all hours performed in excess of forty hours per week, specifically those hours during the mandatory shift change over meetings.

**ANSWER:** **DENIES.**

52. The foregoing practice violates the FLSA.

**ANSWER:** **Paragraph 52 of the Complaint contains only legal conclusions to which no response is required; to the extent a response is required, Defendant denies that it has violated the FLSA.**

53. Defendant's violation of the FLSA was willful.

**ANSWER:** **Paragraph 53 of the Complaint contains only legal conclusions to which no response is required; to the extent a response is required, Defendant denies that it has violated the FLSA.**

54. Plaintiff and members of the FLSA Overtime Wage Class suffered wage loss because of this violation.

**ANSWER:** **DENIES.**

### SECOND CLAIM FOR RELIEF:
### FAILURE TO PAY OVERTIME WAGES IN
### VIOLATION OF THE WISCONSIN LAW

55. Plaintiff alleges and incorporates by reference the allegations in the preceding paragraphs.

**ANSWER:** **Defendant re-alleges and incorporates by reference its responses to the preceding paragraphs of the Complaint.**

56. Defendant has been, and continue to be, an employer within the meaning of Wis. Stat. §§ 103.001(6) and 109.01(2).

**ANSWER:** **ADMITS.**

57. Plaintiff and members of the Wisconsin Overtime Wage Class are and have been

employees of Defendant within the meaning of Wis. Stat. §§ 103.001(5) and 109.01(1r).

**ANSWER:** **ADMITS.**

58. Wisconsin law requires employers to compensate all non-exempt employees at a rate of not less than one-and-one-half times their regular rate of pay for work performed in excess of forty hours per workweek.

**ANSWER:** **Paragraph 58 of the Complaint contains only legal conclusions to which no response is required.**

59. Plaintiff and members of the Wisconsin Overtime Wage Class are not and have not been exempt from the overtime pay requirements of Wisconsin law.

**ANSWER:** **Paragraph 59 of the Complaint contains only legal conclusions to which no response is required.**

60. Defendant did not pay Plaintiff and members of the Wisconsin Overtime Wage Class overtime premium wages for work performed in excess of forty hours per week during the shift change over meetings.

**ANSWER:** **DENIES.**

61. The foregoing practice violates Wisconsin law.

**ANSWER:** **Paragraph 61 of the Complaint contains only legal conclusions to which no response is required; to the extent a response is required, Defendant denies that it has violated the Wisconsin Statutes.**

62. Defendant's violation of Wisconsin law was for dilatory or unjust reasons.

**ANSWER:** **Paragraph 62 of the Complaint contains only legal conclusions to which**

**no response is required; the extent a response is required, Defendant denies that it has violated the Wisconsin Statutes.**

63. Plaintiff and members of the Wisconsin Overtime Wage Class suffered wage loss because of this violation.

**ANSWER:** **DENIES.**

<u>**THIRD CLAIM FOR RELIEF:**</u>
**FAILURE TO PAY AGREED UPON WAGES IN**
**VIOLATION OF THE WISCONSIN LAW**

64. Plaintiff alleges and incorporates by reference the allegations in the preceding paragraphs.

**ANSWER:** **Defendant re-alleges and incorporates by reference its responses to the preceding paragraphs of the Complaint.**

65. Defendants have been, and continue to be, an employer within the meaning of Wis. Stat. § 109.01(2).

**ANSWER:** **ADMITS.**

66. Plaintiff and the Wisconsin Agreed Upon Wage Class are and were employees of Defendant within the meaning of Wis. Stat. § 109.01(1r).

**ANSWER:** **ADMITS.**

67. Wisconsin law requires an employer to pay employees all agreed upon wages.

**ANSWER:** **Paragraph 67 of the Complaint contains only legal conclusions to which no response is required.**

68. Defendant agreed to pay Plaintiff and members of the Wisconsin Agreed

Upon Wage Class at a set agreed upon wage for all hours worked.

**ANSWER:** **Defendant lacks sufficient knowledge and information necessary to form a belief as to the truth of the allegations therein.**

69. Defendant failed to compensate Plaintiff and the members of the Wisconsin Agreed Upon Wage Class at their agreed upon rates for all hours worked by Plaintiff because Defendant did not pay Plaintiff and the members of the Wisconsin Agreed Upon Wage Class for the mandatory pre-shift meetings.

**ANSWER:** **DENIES.**

70. The foregoing practice violates Wisconsin law.

**ANSWER:** **Paragraph 70 of the Complaint contains only legal conclusions to which no response is required; to the extent a response is required, Defendant denies that it violated the Wisconsin Statutes.**

71. Defendant's violation of Wisconsin law was for dilatory or unjust reasons.

**ANSWER:** **Paragraph 71 of the Complaint contains only legal conclusions to which no response is required; to the extent a response is required Defendant denies that it violated the Wisconsin Statutes.**

72. Plaintiff and members of the Wisconsin Agreed Upon Wage Class suffered wage loss because of this violation.

**ANSWER:** **DENIES.**

## RELIEF REQUESTED

A. Judgment against Defendant in an amount equal to unpaid wages at the applicable

agreed-upon and overtime rates owed to Plaintiff and members of the Wisconsin Classes and the FLSA Classes, as well as the damages Plaintiff and members of the Wisconsin Classes and the FLSA Overtime Wage Class suffered because of Defendant' failures.

**ANSWER:** **Defendant denies that Plaintiff, members of the Wisconsin Classes (as defined in the Complaint), and the FLSA Overtime Wage Class (as defined in the Complaint) (collectively the "Alleged Class") suffered any damages, that any such alleged damages are the result of Defendant's conduct, that the Alleged Classes are entitled to any relief whatsoever, and the remainder of the allegations therein.**

B. An award in the amount of all liquidated damages and civil penalties as provided under the FLSA and Wisconsin law;

**ANSWER:** **Paragraph B of the Complaint contains legal conclusions to which no response is required. To the extent a response is required, Defendant denies that the Alleged Classes suffered any damages, that the Alleged Classes are entitled to recovery of any civil penalties, that the Alleged Classes are entitled to any relief whatsoever, and the remainder of the allegations therein.**

C. An award in the amount of all costs and attorneys' fees incurred in prosecuting these claims; and

**ANSWER:** **Defendant denies that the Alleged Classes are entitled to any relief whatsoever.**

D. Such further relief as the Court deems just and equitable.

**ANSWER:** **Defendant denies that the Alleged Classes are entitled to any relief whatsoever.**

## <u>AFFIRMATIVE DEFENSES TO ALL COUNTS</u>

Without admitting any of the allegations in the Complaint, Defendant asserts and alleges the following defenses and affirmative defenses. By alleging the defenses and affirmative defenses below, Defendant does not in any way agree or concede that Plaintiff has properly stated any cause of action or that Defendant has the burden of proof or persuasion with respect to any of its defenses. Further, because Defendant has yet to avail itself of the right to discovery, and does not fully know the circumstances of the alleged incidents described in Plaintiff's Complaint, it cannot be determined whether Defendant will assert the below-stated affirmative defenses at trial or whether those will be the only such defenses asserted. Such defenses are, however, asserted herein in order to preserve Defendant's right to assert such defenses and to avoid waiver of any such defenses. Defendant reserves the right to plead any additional affirmative defenses as may become appropriate and/or necessary.

In further answer and as for its affirmative defenses to the Complaint and each of the counts contained therein, Defendant states as follows:

1.     Plaintiff's Complaint fails to state a claim upon which relief can be granted.

2.     Plaintiff's claims and the claims of the individuals whom he purports to represent, are barred in whole or in part, by the doctrine of laches.

3.     Plaintiff's claims and the claims of the individuals whom he purports to represent, are barred in whole or in part, by the doctrine of waiver.

4.     Plaintiff's claims and the claims of the individuals whom he purports to represent, are barred in whole or in part, by the doctrine of estoppel.

5.     Plaintiff's claims and the claims of the individuals whom he purports to represent are barred by the applicable statutes of limitation.

6.     Plaintiff's Complaint, and each purported cause of action therein, is barred in whole or in part, because any obligation by Defendant to pay compensation, whether contractual or otherwise, which Plaintiff claims he is owed, has been fully performed, satisfied, or discharged.

7.     Plaintiff is not an adequate class representative.

8.     The purported class members are not similarly affected by the alleged conduct.

9.     Plaintiff does not share a similar employment background with the purported class members.

10.     Plaintiff's factual claims are not similar to the potential factual claims of the purported class members.

11.     The purported classes are incompatible.

12.     Defendant adequately compensated Plaintiff and all purported class members for all hours worked.

13.     Defendant acted in good faith in compensating its employees.

14.     Defendant had reasonable grounds to believe it was acting in accordance with the FLSA and its relevant regulations.

15.     Defendant had reasonable grounds to believe it was acting in accordance with Chapter 109 of the Wisconsin Statutes and its relevant regulations.

16.     All or part of the time for which Plaintiff and/or the individuals whom he purports to represent to seek compensation was spent engaged in activities that were not compensable.

17.     Plaintiff's claims and the claims of the individuals whom he purports to represent is barred in whole or in part to the extent that Plaintiff or the alleged putative class members have previously pursued any claim before the Wisconsin Department of Workforce Development or the United States Department of Labor.

18. To the extent it is found liable, Defendant is entitled to a set-off for amounts Plaintiff and/or the alleged putative class members owe Defendant for receipt of any wages and/or other benefits to which they were not entitled and/or did not earn.

19. To the extent Defendant is found liable, Plaintiff's and any putative class member's claims are barred, in whole or in part, and/or recovery is precluded, because Defendant's conduct was not willful.

20. Plaintiff and the members of the alleged group of individuals Plaintiff purports to represent acknowledged, ratified, consented to, and acquiesced in the alleged acts or omissions, if any, of Defendant, thus barring them from any relief as prayed for in Plaintiff's Complaint.

21. Plaintiff's claims fail because some or all or certain hours claimed by Plaintiff and/or some or all of the members of the alleged group of individuals Plaintiff purports to represent are not "hours worked" under applicable Wisconsin or federal law, so that regular or overtime compensation need not be paid for those hours.

22. Plaintiff's action is barred because Plaintiff and the members of the alleged group of individuals Plaintiff purports to represent seek to recover for time that is de minimis work time and thus not compensable.

23. Other putative plaintiffs have failed to satisfy the requirements of the FLSA by not filing their required consents to join in this representative action.

24. To the extent claimed, prayers for certification of a class action, notice to alleged class members, liquidated damages, pre-judgment interest, attorneys' fees, costs, injunctive relief, and/or any other equitable relief are not triable to a jury.

25. To the extent Defendant is found liable, recovery against Defendant is unconstitutional under provisions of the United States Constitution and the Wisconsin Constitution, including the Excessive Fines clause of the Eighth Amendment, the Due Process clauses of the

Fifth Amendment, Section 1 of the Fourteenth Amendment, and other provisions of the United States Constitution and Wisconsin Constitution.

26.     Plaintiff and the members of the alleged group of individuals Plaintiff purports to represent are not entitled to recover any damages, the existence of which damages Defendant specifically denies, as Defendant acted in good faith reliance on the Wage and Hour Administrator's regulations and decisions, the regulations and decisions of the Wisconsin Department of Workforce Development, and the decisions of federal and state courts.

27.     Pleading hypothetically and in the alternative, Defendant did not know that, or show reckless disregard for whether, its conduct was prohibited by the FLSA and/or Wisconsin Statutes.

28.     Plaintiff's equitable claims are barred because Plaintiff and the members of the alleged group of individuals Plaintiff purports to represent have an adequate remedy available at law.

29.     Plaintiff and the members of the alleged group of individuals Plaintiff purports to represent are not entitled to recover liquidated or exemplary damages, the existence of which damages Defendant specifically denies, as they have not set forth and cannot set forth sufficient facts to support a claim for liquidated or exemplary damages.

**WHEREFORE**, Defendant respectfully requests judgment in its favor dismissing Plaintiff's Complaint on the merits, with prejudice, and with an award of costs and disbursements to Defendant, including reasonable actual attorney's fees under applicable laws, and for such other relief as this Court deems just and equitable.

Dated: April 1, 2025

/s/ Geoffrey S. Trotier

Geoffrey S. Trotier, WI SBN 1047083
Erik K. Eisenmann, WI SBN 1081410
Eric R. Locker, WI SBN 1135929
HUSCH BLACKWELL LLP
511 N. Broadway, Suite 1100
Milwaukee, Wisconsin 53202
Telephone: 414.978.5437
Facsimile: 414.223.5000
Email: geoff.trotier@huschblackwell.com

**Attorneys for Little Rapids Corporation**

# CERTIFICATE OF SERVICE

The undersigned hereby certifies that on April 1, 2025, the foregoing was filed electronically with the Clerk of Court to be served by operation of the Court's electronic filing system upon all counsel of record.

*/s/ Geoffrey S. Trotier*